UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:18-cv-04444-JLS<br>2:18-bk-13437-RK | Date: October 4, 2018 |

Title: In Re: Robert Whitfield

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) ORDER DISMISSING BANKRUPTCY APPEAL

This action arises out of the debtor's appeal of the Bankruptcy Court's Order of May 11, 2018. (*See* Doc. 1.) Specifically, on May 23, 2018, Appellant appealed the Bankruptcy Court's Order Granting Motion for Relief from the Automatic Stay as to an Unlawful Detainer Action. (*See* BK Doc. 18.)

Since that time, Appellant has failed to take the steps necessary for the Bankruptcy Court to issue its Certificate of Readiness. *See* Fed. R. Bank. P. 8003 and 8009; (BK Doc. 35, Notice of Deficiency (advising Appellant that he had not filed the required statement of issues, designation of record, and notice of transcript).)

On August 16, 2018, this Court ordered Appellant to Show Cause why the appeal should not be dismissed based on his failure to prosecute. (Doc. 12 ("OSC").) Appellant filed no response before the September 17, 2018 deadline. (*See id.*)

Where an appellant fails to perfect his appeal in the manner specified by Federal Rules of Bankruptcy Procedure 8009, dismissal is authorized pursuant to Rule 8003(a)(2). In such cases, courts apply the standard for dismissal of a civil case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir.1989) (per curiam). Such dismissals require consideration of five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:18-cv-04444-JLS                              Date:  October 4, 2018
             2:18-bk-13437-RK

Title:       In Re: Robert Whitfield

_____

      The first and third factors weigh strongly in favor of dismissal.  Appellee first sought relief from the automatic stay as to its unlawful detainer action against Appellant one day after the petition for bankruptcy was filed, on March 29, 2018.  Such matters are meant to be resolved quickly.  *See, e.g.*, 11 U.S.C. § 362(e)(2) (setting up a 60-day turn-around for motions for relief from automatic stay as to an individual's petition).)  The Bankruptcy Court ruled within the required time frame, granting relief from the automatic stay on May 11, 2018.  Other than filing the Notice of Appeal, Appellant has taken no steps regarding his appeal since May 23, 2018.

      The second factor, the Court's interest in managing its docket, also weighs in favor of dismissal.

      The fourth factor, by its nature, weighs against dismissal.

      The final factor weighs in favor of dismissal.  The Court's OSC gave Appellant over thirty days to take some action to pursue his appeal.  This is more than twice the time normally allotted by Rule 8009(a)(1) and (b)(1) to file his statement of issues, designation of record, and notice of transcript.  Appellant had this additional, extended time period to take some action even after his original deadlines had expired.  The Court's OSC expressly warned that failure to take the necessary action would result in dismissal.  On this record, the Court concludes that no less drastic sanction will be sufficient to compel Appellant to act to perfect his appeal.

      The factors strongly favor dismissal for failure to prosecute.  Therefore, pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) and Federal Rule of Civil Procedure 41(b), the Court DISMISSES the present appeal for failure to prosecute.

      **IT IS SO ORDERED.**


**CC: BK;  BAP**


                                                                         Initials of Preparer:  tg

_____